Rash, C. J.
 

 The demurrer in this case is for the want of parties. It is a general rule in Equity, that all persons interested in the relief sought, must be made parties, either rplaintiffs or defendants, because a ■ decree is asked for, and hot a decision only, and, because Equity seeks to arrange :all the matter before it, and does not tolerate the splitting up of suits. It is also proper upon another ground connected with the last reason assigned, except in excepted cases, growing out of convenience and necessity. Ro one is bound by a decree, to which he is not a party, but,as stated, the rule admits of exceptions. Thus, when the parties are too numerous, or are out of the jurisdiction of .the Court, and that fact is stated in the bill. Adams Eq. 312,-323; Calvert on Parties, 17,-19.
 

 The bill in this case is .defective. It sets forth that William Kornegay, by his will, bequeathed to his widow, the defendant Kitty Kornegay, during her lifetime or widow
 
 *42
 
 hood, several negroes, with the remainder to her five children, to wit: Nancy, Kitty, Thomas, Winefred and William Henry; that Nancy married William Houston, and is dead, and no administration upon her estate has been had, and that Kitty is all infant. Neither the personal representa--tive of Nancy Houston, nor the infant, nor Thomas Korne-gay, are made partios to the hill, and for this cause, the defendants demur. The hill is filed for an injunction, to restrain the widow Kitty Korneg&y, the holder for life of the slaves, from selling or convoying them out of the State, and for relief. To the relief sought, the personal representative of Mrs. Houston and of Thomaa Kornegay, and the infant Kitty, are necessary parties, because they are inte'' rested in the subject which the decree may affect, and because their claims are concurrent with those of the plaintiff, which, if not hound by the decree, may be litigated after*, wards. Adams Eq. 314. The demurrer must be sustained, but as it is filed for the want of parties, the hill will not he dismissed, but stand over with leave to amend and be transmitted to the Court below, when the amendment will be made upon such terms, as may seem to it
 
 proper. Gordon
 
 v. Holland, 3 Ired. Eq. 362.
 

 It is objected, however, that the Court ca#.not remand the cause, because it is not an appeal from an interlocutory order. The Act of ’48, eh. 30, provides, that when a case in a Court of Equity is set down for hearing, upon any plea or demurrer, the Court shall have power on sufficient cause shown on affidavit, to order it before a hearing, to bo removed into the Supreme Court. Iredell’s Digested Manual, 147.
 

 The act is loosely drawn: a plea or demurrer is not set down for hearing, but for argument, and in such cases, the argument is on the plea or demurrer. The course, as before stated, is not to dismiss a bill upon such a demurrer, but to Isold it over for amendment. Where is that to be made 1
 
 *43
 
 'Not here; for persons made parties, if defendants, must an-ewer, or have a right to do so, and answers cannot ho filed here, for the causo must he set for hearing, before our jurisdiction arises, except in cases of interlocutory order. In-the Court below the amendment must he made, and upon such terms as may appear proper.. Before the act of ’48; where a demurrer was filed, it could he brought here, only upon an appeal after argument. That act, authorizing the removal, places it, when so removed, upon the same footing with an appeal, and we have seen that in the latter case, upon such a demurrer as this, if sustained, the cause must he remanded for amendment. Soon after the passage of the act of ’48, it received a construction hy this Court, upon this particular point, which is in accordance with the view shove expressed. Hart v. Roper, 6 Ired. Eq. 349. If the hill had not prayed for relief, no amendment hy making* parties would have been necessary. Adams Eq. 312 ; Tuscot v. Smith, 1 McCords C. R. 301-3; for the reason, that each remainder man has the right to protect the property from waste or injury, hy an application to Chancery. More especially does this principle apply to the grievance complained of here — the removal of slaves hy a tenant for life. These removals always take place fraudulently, often secretly and suddenly. If a remainder man was compelled to make all who are jointly interested with him parties, cases might and would often occur, in which irreparable mischief might he done before the remedy could bo applied.
 

 In such a case as this, any one of the owners in remainder may file a hill to protect the property, for it is manifestly for the benefit of all.
 

 It is ordered, that this opinion he certified to the Court below, and that the plaintiff pay the costs of the suit.
 

 j?KR CüRIAM. Decree accordingly»